1  Robert B. Jobe (Cal. State Bar #133089)
   LAW OFFICE OF ROBERT B. JOBE
2  550 Kearny Street, Suite 200
   San Francisco, CA 94108
3  Tel:   (415) 956-5513
   Fax:   (415) 840-0308
4  Email: bob@jobelaw.com

   E-filing

5  Attorney for Plaintiff.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KULWANT SINGH,   )   C 07 4235   EDL
       Plaintiff,   )   No.:
   v.   )
MICHAEL CHERTOFF, SECRETARY,   )   COMPLAINT FOR RELIEF
DEPARTMENT OF HOMELAND SECURITY;   )   UNDER THE ADMINISTRATIVE
DEPARTMENT OF HOMELAND SECURITY;   )   PROCEDURE ACT
EMILIO T. GONZALEZ, DIRECTOR; U.S.   )
CITIZENSHIP AND IMMIGRATION SERVICES;   )
ALBERTO GONZALES, U.S. ATTORNEY   )   DHS Alien Number: 73-428-178
GENERAL,   )
       Defendants.   )

## COMPLAINT FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT

By and through his undersigned attorney, Plaintiff KULWANT SINGH ("Mr. Singh"), as for his complaint, alleges as follows:

### PROCEDURAL HISTORY

1.  Mr. Singh is a native and citizen of India who entered the U.S. at Tampa, Florida, on or about August 29, 1996 pursuant to a B-2 visa. Several months after their marriage, Mr. Singh's U.S. citizen wife, Yolanda Martinez ("Mrs. Singh"), filed an alien relative petition (Form I-130), on Mr. Singh's behalf with the U.S. Citizenship and Immigration Services' ("USCIS," formerly the Immigration and Naturalization Service) New York District Office, on July 23,

Plaintiff's Complaint For Relief
Under the Administrative Procedure Act

1997.¹ Concurrently, Mr. Singh filed an application for adjustment of status with the same office. On or about April 14, 1998, Mr. Singh was interviewed in regards to that application by the USCIS. On or about February 1, 1999, Mr. Singh received a letter from the USCIS New York District Office informing him that he had failed to appear at a deportation hearing on May 7, 1997 and that his application for adjustment of status, therefore, could not be adjudicated.

2. On or about December 27, 2002, Mrs. Singh re-filed an Alien Relative Petition (on Form I-130) on behalf of her husband. Mr. Singh concurrently filed a second application for adjustment of status with the New York District Office. On January 27, 2005, the USCIS sent Mr. Singh another letter stating:

> You failed to appear for Deportation Proceedings before an Immigration Judge in San Francisco on May 17, 1997. The Immigration Judge in San Francisco holds jurisdiction over your case. The Immigration Judge ordered that your case be administratively closed until such time as a motion to recalendar is filed with the Court.
>
> Due to your failure to appear on May 7, 1997 for deportation proceeding, jurisdiction of your case remains with the Immigration Court.
>
> As long as jurisdiction over your case rests with the Immigration Court, CIS can neither grant nor withhold any immigration benefit on either a statutory or discretionary basis.

3. Mr. Singh, however, maintains that he is not the same individual who is in deportation proceedings in San Francisco. At the time an application for asylum was filed with the San Francisco Asylum Office by "Kulwant Singh," on or about April 15, 1996, Mr. Singh was not even in the United States.² After "Kulwant Singh's" application for asylum was referred to the San Francisco Immigration on March 17, 1997, a master calendar hearing was scheduled before an Immigration Judge. Because "Kulwant Singh" did not attend the hearing, however, the

---

¹ Pursuant to the *Department of Homeland Security Reorganization Plan, Homeland Security Act of 2002*, Pub. L. No. 107-296, 116 Stat. 2135 (2002), 6 U.S.C. §§ 101-557, as of March 1, 2003, the INS was abolished and its functions were transferred to the Department of Homeland Security ("DHS").

² In fact, the U.S. Embassy in New Delhi, India did not issue a tourist visa to Mr. Singh until August 16, 1996.

Plaintiff's Complaint For Relief
Under the Administrative Procedure Act                2

1  Immigration Judge administratively closed the case on May 8, 1997.

2      4.    Upon learning that another individual had used his biographical information to file an application for asylum, Mr. Singh, through counsel, Jaspreet Singh, moved the Immigration Court to recalendar the proceedings and transfer the case to New York, the jurisdiction in which Mr. Singh resides.[3] On May 11, 2005, the Immigration Judge issued an order denying Mr. Singh's motion to change venue, but stating:

> Because there is a question of identity of the person whose case is pending before this Court, the Court is requesting that the Department of Homeland Security make a comparison of the fingerprints in the adjustment of status case filed in New York in 1997 with the fingerprints that have been filed in conjunction with the asylum case pending before the San Francisco Immigration Court and report the results to the Court and the parties.
>
> If the persons are established to be two different people, the Court will advise the parties that the proceedings pending here do not pertain to the individual who is filing for adjustment.

Despite numerous inquires, however, to date, DHS has not still not compared the two sets of fingerprints.

    5.    On July 12, 2006, Mr. Singh received a letter from his Congressman, Gregory W. Meeks, which indicated: "According to a letter I recently received from the U.S. Immigration and Customs Enforcement (ICE) your case has been forwarded from their office in San Francisco to their New York office to review the allegations of identity fraud."

## JURISDICTION

    6.    Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1361, as a civil action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to Plaintiff; 5 U.S.C. § 702, as a

---

[3] Although the Immigration Judge did recalendar the proceedings, neither Mr. Singh nor his attorney received proper notice of the hearing. Accordingly, the Immigration Judge ordered Mr. Singh deported *in absentia*, but subsequently reopened the proceedings and accepted his second motion to recalendar and motion to change venue.

Plaintiff's Complaint For Relief
Under the Administrative Procedure Act           3

challenge to agency action under the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment.

## VENUE

7. Venue is properly in this district pursuant to 28 U.S.C. §§ 1391(e)(2) and (e)(3), because a substantial part of the events giving rise to this claim occurred in this district and no real property is involved in this action.

## INTRA-DISTRICT ASSIGNMENT

8. Because a substantial portion of the events that gave rise to this lawsuit occurred in the County of San Francisco, this case should be assigned to the Court's San Francisco division.

## STANDING

9. The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' illegal action has immeasurably prolonged Mr. Singh's ability to legalize his status in the U.S. despite his long term marriage to a U.S. citizen.

## PLAINTIFF

10. Mr. Singh is a native and citizen of India who resides at 107 34-127 St., Richmond Hill, NY 11419. Although Mr. Singh has filed two applications for adjustment of status, based on an approved alien relative petition filed on his behalf by his U.S. citizen, the DHS has refused to adjudicate them based on its belief that Mr. Singh is in deportation proceedings in San Francisco - something that Mr. Singh vehemently denies. Although a fingerprint comparison would likely resolve the issue, DHS has failed to compare the fingerprints in the two cases. Accordingly, Mr. Singh continues to remain in legal limbo, unable to seek adjustment of status to lawful permanent residence based on his ten-year marriage to a U.S. citizen.

**DEFENDANTS**

11. Respondent, Michael Chertoff, is sued in his official capacity as the Secretary of the United States Department of Homeland Security ("DHS"). In that capacity, he has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103, as amended.

12. The Department of Homeland Security, encompassing the U.S. Citizenship and Immigration Services, is the executive department "responsible for providing immigration-related services and benefits such as naturalization and work authorization as well as investigative and enforcement responsibilities for enforcement of federal immigration laws, customs laws, and air security laws." *See* http://www.dhs.gov/ximgtn/.

13. Emilio T. Gonzalez is the Director of the USCIS and, as such, has been delegated the authority to direct the administration of the USCIS, and to enforce the INA and all other laws relating to the immigration and naturalization of non-citizens. Defendant Gonzalez is sued herein in his official capacity.

14. The United States Citizenship and Immigration Services (USCIS) is the federal agency within the Department of Homeland Security that is responsible for the administration and enforcement of the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens.

15. Respondent, Alberto Gonzales, is sued in his official capacity as the Attorney General of the United States. He retains certain responsibilities for administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103.

**FIRST CAUSE OF ACTION**

**(Violation of the Administrative Procedure Act)**

16. Plaintiff repeats, allege, and incorporate paragraphs 1 through 15 above as though fully set forth herein.

17. Plaintiff is a person aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* By failing to adjudicate the applications for adjustment

of status filed by Mr. Singh, Defendants have acted arbitrarily and capriciously and have "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706.

### RELIEF REQUESTED

WHEREFORE, Plaintiff pray that this Court:

(1) Accept jurisdiction over this action;

(2) Declare Defendants' failure to adjudicate the applications for adjustment of status filed by Mr. Singh to be a violation of the Administrative Procedure Act and 28 U.S.C. § 1361;

(3) Order the DHS to immediately compare Mr. Singh's fingerprints with the fingerprints of the individual in deportation proceedings in the San Francisco and notify Mr. Singh and the San Francisco Immigration Court of the results;

(4) Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(5) Grant such other and further relief as this Court deems just and proper under the circumstances.

DATED: August 16, 2007					Respectfully submitted,

Robert B. Jobe, Esq.
LAW OFFICE OF ROBERT JOBE
550 Kearny, Suite 200
San Francisco, CA 94108
(415) 956-5513
(415) 840-0308

Attorney for Plaintiff